UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
**JOHN KEATING,**

                              Plaintiff,                  ***COMPLAINT***

      -against-                                   <u>PLAINTIFF
                                                        DEMANDS TRIAL
**LONG ISLAND RAIL ROAD COMPANY,**        BY JURY</u>

                              Defendant.
-------------------------------------------------------------X

Plaintiff complaining of the defendant by his attorneys, FLYNN & LAURIELLO PLLC, respectfully alleges as follows:

## **The Parties**

1. At all times hereinafter mentioned, plaintiff JOHN KEATING was employed by defendant LONG ISLAND RAIL ROAD COMPANY, hereinafter LIRR, as a LIRR Pipefitter.

2. At all times hereinafter mentioned, plaintiff JOHN KEATING was a LIRR employee in the course and scope of his work from and for the defendant.

3. Upon information and belief, that at all times hereinafter mentioned, LIRR, was a corporation duly organized and existing under and by virtue of the laws of the State of New York, and was doing business within the jurisdiction of this Court as an interstate common carrier by railroad.

## **Jurisdiction**

4. That at all times hereinafter mentioned, plaintiff and defendant were engaged in the furtherance of the business of the defendant railroad, to wit., the transportation of interstate commerce.

5. Plaintiff's cause of action against the defendant arises under the Act of Congress of April 22, 1908, Chapter 149, 35 Statute 65, as amended, commonly known as the Federal Employers' Liability Act, 45 USCA, Chaps. 1 and 2, and the rules and regulations promulgated thereunder.

6. The Court has jurisdiction of the subject matter of plaintiff's cause of action against the defendant pursuant to 28 USCA Section 1331, Federal Question.

## Liability

7. Upon information and belief, that at all times hereinafter mentioned, defendant operated, managed, and controlled the LIRR Sheridan Shop, Richmond Hill, Queens County, NY, hereinafter SHOP.

8. Upon information and belief, that at all times hereinafter mentioned, defendant owned, operated, managed, and supplied the tools, supplies, oils and lubricants used for LIRR work in the SHOP.

9 . That on July 25, 2018, as plaintiff was walking down steps to the SHOP lower level, he was caused to lose his footing, lose his balance, fall down the stairs, and sustain the injuries hereinafter set forth.

10. Upon information and belief, the aforesaid occurrence was due solely and wholly to the violation by defendant, its agents and/or employees of the Federal Employers' Liability Act, Chapter 2, 45 USCA, Section 51, et seq.; the carelessness and negligence of defendant, its agents and/or employees in causing, permitting and allowing an unsafe work place, unsafe work equipment, unsafe work method, in causing, permitting, and allowing the workplace to be, become, and remain improperly inspected, maintained, unsafe, slippery, greasy, oily, perilous, and hazardous; in issuing an improvident work order; in failing to provide safe methods to do the work; in causing oil and lubricants to be improperly secured, stored, and/or dispensed, and in otherwise being careless and negligent, and due to no fault or lack of care on the part of the plaintiff herein.

## Injuries and Damages

11. Upon information and belief, as a result of the foregoing, plaintiff sustained injuries to his right foot, ankle, and leg, to his nervous system, and other systems of his body, shock to his nervous system, anxiety, stress, and suffering; has suffered, suffers and will suffer physical pain, mental anguish, and the loss of the enjoyment of the pursuits and pleasures of life, disruption of the activities of daily living, and other personal injuries; some of which are and will be permanent in nature; that plaintiff has received, receives and will receive medical, hospital and health care treatment and care and has and will incur expenses for medical, hospital, and health care providers and health care treatment; and from time to time, has been, is and will be confined to bed and home as a result thereof; plaintiff has lost, and will lose time from employment, employment earnings, and/or employment perquisites; all to his damage in a sum to be determined at jury trial, that will fairly and adequately make the plaintiff whole for harms, injuries and losses.

WHEREFORE, plaintiff demands judgment against the defendant in a sum to be determined at jury trial that will fairly and adequately make the plaintiff whole for harms, injuries and losses, together with the costs and disbursements of this action.

Dated: New York, New York
May 1, 2019

FLYNN & LAURIELLO PLLC
Attorneys for Plaintiff

BY _____
VALERIE J. LAURIELLO (VL 6192)
Attorney at Law
Office & P.O. Address
11 Penn Plaza 5th Floor
New York, New York 10001
212-896-3812

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

**JOHN KEATING,**

                                                           Plaintiff,

-against-

**LONG ISLAND RAIL ROAD COMPANY,**

                                                           Defendant.

---

## COMPLAINT

---

*FLYNN & LAURIELLO PLLC*
**Attorneys for Plaintiff**
5 Penn Plaza – 23rd Floor
New York, NY 10001
212-896-3812